## Commonwealth v. Hammond

*John R. Graham* and *Raymond R. Start*, for Commonwealth.

*Malcolm B. Petrikin*, for defendant.

TOAL, J., April 4, 1955.—Defendant, Charles Hammond, was charged with violation of section 401, subsection (*a*), of The Vehicle Code in that he operated a motor vehicle upon a highway of the Commonwealth of Pennsylvania on October 26, 1951, in the County of Delaware, at a time when the motor vehicle was not first properly registered with the Department of Revenue of the Commonwealth of Pennsylvania and a registration plate or plates issued for the vehicle properly displayed on same as required by the Act of Assembly. A stipulation as to the facts of the case has been filed of record by agreement of the district attorney and defense counsel and, therefore, the question before the court is purely one of law. Defendant appeared before the justice of peace on January 15, 1952, and waived a hearing and posted a bond for his appearance at the next term of the Court of Quarter Sessions of Delaware County. The record shows that

the case has been continued from term to term during which time correspondence and conferences were had between the law enforcement agencies and counsel for defendant in an effort to clarify the issue. The case is now before the court upon submission by both sides of written briefs and after having been listed for trial for March 16, 1955. The facts as agreed upon by the parties may be epitomized as follows: In 1946 the firm of "J. J. Styer & Son" purchased a four-wheel truck of the Army weapons carrier type, for use exclusively in farming operations upon its farm situated in Concordville, Delaware County, Pa. Upon application by "J. J. Styer & Son" for exemption of the vehicle from registration under section 401 (*d*) of The Vehicle Code, which exempts from registration vehicles used "exclusively . . . upon . . . farms", the Department of Revenue issued certificate of exemption no. 2268 for the vehicle. The original application for exemption from registration stated the business of "J. J. Styer & Son" to be farming, and set forth the number of acres of nursery stock, crops and the number of head of cattle comprising the farming operations.

In February 1951 "J. J. Styer & Son" determined to reorganize as a partnership under the name of "Styer's Nurseries" and applied to the Department of Revenue for a transfer of title to the vehicle from "J. J. Styer & Son", the former organization, to "Styer's Nurseries", the new partnership, together with a request for the reissuance of a new certificate of exemption from registration in the name of "Styer's Nurseries". Only the name of the firm was changed, its method of operation and the physical plant remained as they were at the time when the original certificate of exemption was issued. The Department of Revenue rejected the application for a transfer of the certificate of exemption and ruled that "Styer's

Nurseries" was not entitled to the exemption on the ground that a "nursery" is not a "farm" within the legislative intendment of section 401 (d) of The Vehicle Code. Following the refusal of a certificate of exemption, "Styer's Nurseries" corresponded with the department in an effort to have the ruling changed. The department remained adamant in its refusal and defendant, an employe of the "Styer's Nurseries", continued to operate the vehicle as heretofore and was accordingly charged with a violation of The Vehicle Code. A judicial determination of the meaning of section 401 (d) is now necessary.

The question involved may be stated as follows:

Is a firm that is primarily engaged in raising, cultivating and marketing nursery stock a "farm" within the meaning of that term as used in section 401 (d) of The Vehicle Code?

The admitted facts indicate that the vehicle in question is owned by a firm engaged in the cultivation of nursery stock, and is used exclusively on the land upon which this stock is grown, and is driven across the public highway only because it is necessary to pass from one tract to another in pursuance of the business of the firm. Exempt vehicles are permitted to cross public highways under the specific provisions of section 401 (d), 75 PS §91 (d).

The act of assembly requires the registration of motor vehicles "operated upon any highway in this Commonwealth". It follows that a person may own and operate a motor vehicle exclusively on private property without registration. The only exemptions from registration under the act are motor vehicles, trailers and semitrailers determined by the department to be used exclusively by any person upon the farm or farms he owns or operates or upon highways connecting by the most direct route any farms or portions of farms,

all of which are situated in any one county or county next adjoining thereto and under the single ownership or operation of such person.

The original purpose of requiring registration of motor vehicles was to ascertain the identity of the machine and its owner in order to fix personal liability for any damage which might be done by the machine in the course of its operation.

The Act of May 1, 1929, P. L. 905, and its amendments was passed "for the protection of *public safety;* regulating the *use of highways,* and the operation of vehicles . . . *upon the highways* of this Commonwealth. . . ." (Italics supplied.)

It was held that the purpose of The Vehicle Code was to protect the public safety and to contribute to the cost and conservation of the highways: Commonwealth et al. v. Ferrari, 114 Pa. Superior Ct. 290, 292 (1934); Maurer et al. v. Boardman, Secretary of Revenue et al., 336 Pa. 17 (1939).

The purpose of the legislature in exempting motor vehicles used exclusively on "farm" and highways directly connecting "farms" under one ownership seems crystal clear upon a mere reading of the portion of The Vehicle Code now under consideration. The legislative intent was undoubtedly to relieve owners of land, used for cultivation of things that grow from the soil, from registering a motor vehicle used and operated exclusively on said land or operated on a highway or highways connecting, by the most direct route, any farms or portions of farms owned by the same person and in the same county or in a next adjoining county. It is the opinion of this court that the legislature was not concerned with what the land owners grew on their land provided they could qualify as growers of something.

The Commonwealth, in the instant case, is attempting to closely restrict the term "farm" or "farms"

to land used for the purpose of growing "crops" edible by human beings or animals. We think this definition is entirely too narrow in its application to the act of assembly under consideration. What the legislature has said to owners of land used to grow things on is essentially this: keep your motor vehicle on your own land and only stray off it when it is necessary to travel a public highway to get to another part of your land, and then, travel only by the most direct route connecting one part of your land with another part thereof.

It seems almost axiomatic that the present case, based upon the stipulated facts, discloses circumstances requiring the motor vehicle in question to be exempted from registration. Defendant sets forth an appellate court case in his brief which defines the word "farm" in the terms this court will adopt for the purpose of deciding the case at bar. This is the case of Marple Twp. v. Lynam et al., 151 Pa. Superior Ct. 288, 291, where the following language is used:

"The word 'farm' has a suggestive significance apart from any explicit or restricted meaning and even in a popular sense is applied to land used for any one of a variety of purposes. Webster (International Dict. 2d ed.) defines 'farm' as 'a piece of land held under lease for cultivation; hence, any tract of land . . . devoted to agricultural purposes, generally under the management of a tenant or owner; any parcel or group of parcels of land cultivated as a unit'. In the Century Dictionary it is defined as "A tract of land devoted to general or special cultivation under a single control, whether that of its owner or of a tenant: as, a small farm; a wheat, fruit, dairy, or market farm'. 'Farming' is defined as 'The commercial production of any plant (*even horticultural*) or annual which has economic value'." (Italics supplied.)

We are of the opinion that, in the instant case, the

vehicle in question should have been exempted from the registration requirements and accordingly defendant, Charles Hammond, must be found not guilty. The following is made:

### Order

And now, April 4, 1955, this case having been presented to the court for a decision and due consideration having been given thereto, it is ordered, adjudged and decreed:

1. Defendant, Charles Hammond, be and he is hereby found not guilty, and

2. The costs of the prosecution shall be paid by the County of Delaware.